UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:05CR-268 (JBA) |
| | : | |
| v. | : | |
| | : | |
| JOHN M. LUCARELLI | : | March 26, 2007 |
| | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF JUDGMENT OF ACQUITTAL**

Following the jury trial in the above captioned matter, defendant Lucarelli filed a motion for a judgment of acquittal and a motion for a new trial as well as a supporting memorandum of law. [Doc. Nos. 163, 164, & 165]. Over the Government's opposition [Doc. No. 177 (Gov. Mem.], the Court granted defendant's motion and granted a judgment of acquittal as to counts 1 and 12. [Doc. No. 183, filed March 12, 2007 (Ruling on Motion For Judgment of Acquittal or New Trial (hereinafter "Ruling")].

The Government respectfully moves the Court, pursuant to Rule 7(c) of the Local Rules of Civil Procedure for the District of Connecticut, incorporated by reference into the District's Local Rules of Criminal Procedure by Rule 1(c), to reconsider its order granting a judgment of acquittal on Counts 1 and 12. In support of this motion, the Government asserts that the remedy of acquittal is not proper. This assertion is premised on the following: (i) assuming *arguendo* that the jury's interrogatory answer to Count 12 is inconsistent with, and can not be reconciled with, either of the general verdicts of guilty, the appropriate remedy is a new trial; (ii) assuming *arguendo* that the jury instructions were incomplete, erroneous or posed a genuine risk of confusing the jury, the appropriate remedy is a new trial; and finally, (iii) where the Court's

conclusion is based on the reasoning that letting the conviction stand would be a 'miscarriage of justice,' the remedy is a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Accordingly, without conceding the arguments previously advanced, the government respectfully requests that the Court reconsider the remedy granted and grant a new trial pursuant to Rule 33.

## Brief Procedural Background[1]

On July 28, 2006, after a jury trial with eight days of evidence and six days of deliberations, the jury returned a verdict of guilty on Count One (conspiracy) and Count 12 (securities fraud.) However, on the verdict form the jury indicated "No" when asked *with respect to Count 12,* if they found the defendant participated in the fraudulent scheme with the specific intent to: (1) defraud the Bank of property; (2) defraud the depositors of money or property.

The Court had not instructed the jury on the verdict form generally or on the special interrogatory specifically. (Trial Tr. Jul. 28, 2006, at 1722 ("[The Court] did not explain the verdict form to them and [ ] did not explain the special interrogatory at any point"). However, the Court had instructed the jury on each element of the crime of conspiracy and each element of the crimes of mail fraud and securities fraud, and instructed the jury that it needed to find each element beyond a reasonable doubt in order to find the defendant guilty. (Jury Instructions at 10, 49-52).

As set forth in more detail below, in its Ruling, the Court did not engage in a Rule 29 sufficiency analysis but instead found that the jury's special interrogatory answers were

---

[1] As the Court is familiar with the facts of this case, the posture of the case is only briefly summarized herein.

'tantamount' to an acquittal on both counts, despite the verdict of guilty on Count 1 and the general verdict of guilty on Count 12.  (*See* Ruling at 6).

The Court reasoned that more explicit jury instructions should have been given with respect to the requisite level of intent needed for mail fraud, securities fraud and for conspiracy to commit these offenses.  The Court further reasoned that in the absence of more detailed instructions on the element of specific intent to defraud, the answers to the special interrogatories – for which no instructions were given and on which the verdict form indicated were applicable only to the substantive counts – should carry the day on both counts 1 and 12.  The Court concluded that the special interrogatory answers "make clear that the jury found no specific intent to defraud the NHSB or its depositors" and thus entered a judgment of acquittal.  (Ruling at 15.)   The Government asserts that the jury did not render a judgment of acquittal and as such the Court's remedy is not proper.  Accordingly, the Government files this motion for reconsideration.

**<u>Legal Standards</u>**

A motion for reconsideration under Local Rule 9(e) "must be treated the same as a motion under Rule 59" of the Federal Rules of Civil Procedure.  *See City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991).  *See also Gold v. Dalkon Shield Claimants Trust*, No. 5:82-CV-282 (EBB), 1998 WL 422900 at *2 (D. Conn. 1998).  "The standard for granting a motion for reconsideration under Fed. R. Civ. P. 59(e) is 'strict.'  Reconsideration will 'generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court.'" *Graham v. United States*, 2006 WL 3361752 *1 (D. Conn. 2006.) (Nevas, J) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Rule 59(e) of the Federal Rules of Civil Procedure contemplates reconsideration of a prior ruling on three possible grounds: (1) an intervening change in the law;[2] (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See Doe v. New York City Dep't of Social Services*, 709 F.2d 782, 789 (2d Cir. 1983); *see also Gold v. Dalkon Shield Claimants Trust*, 1998 WL 422900 at *2.

## Discussion

The Government asserts that the legal authority cited and the arguments advanced herein should "alter the conclusion reached by the court, " *Graham v. United States*, 2006 WL 3361752 at *1, as to the appropriate remedy in light of the Court's findings.

In its Ruling, the Court did not engage in a Rule 29 sufficiency analysis in order to determine, based on the evidence, whether no rational fact finder could have found the crimes charged proved beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307 (1979); *accord United States v. Mariani*, 725 F.2d 862, 865 (2d Cir. 1984). Instead the Court appears to have substituted its own judgment for that of the jury and, contrary to the Supreme Court's teachings in *United States v. Powell*, 469 U.S. 57, 66-68 (1984), has sought to try "to guess which of the inconsistent verdicts is the one the jury 'really meant.' " *Id.* at 68. By finding that the guilty verdicts and interrogatory answers could not be reconciled and then finding that the interrogatory answers should stand, the Court's ruling is akin to the type of speculation that improperly intrudes upon the jury's deliberations. *See United States v Chang An-Lo*, 851 F.2d

---

[2] Since the submission of the defendant's motion, the Eighth Circuit has issued an opinion directly on point, in which the remedy was a new trial, not an acquittal. *United States v. Mitchell*, 476 F.3d 539, 543 (8th Cir. 2007) (Feb. 6, 2007).

547, 559-60 (2d Cir. 1988).  *Accord United States v. Chen*, 378 F.3d 151, 164 (2d Cir. 2004); *United States v. Mulder*, 273 F.3d 91, 114 (2d Cir. 2001).

As set forth below, and without conceding that the verdicts must necessarily be set aside, given the Court's conclusions and its broad discretion to avert a perceived 'miscarriage of justice,' the proper remedy is to order a new trial pursuant to Rule 33.  *United States v. Ferguson*, 246 F.3d 129, 133 (2d Cir. 2001); *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992).

    1.    **The Granting of a Judgment of Acquittal Was Not the Proper Remedy**.

In its opposition to defendant's post trial motions, the Government advanced a number of arguments as to how the seemingly incongruous verdict form could be reconciled with the general verdicts of guilt.[3]  The Government asserted that, in light of the fact that the jury was never instructed on the verdict form or the interrogatory, it may have convicted on count 12 on an aiding and abetting theory.  The Government also argued that in the absence of any instructions with respect to the interrogatory, or even an instruction that the jury should use the same definitions that Court had previously given, the jury may have misunderstood the interrogatory.  More specifically, the Government argued that the jury may not have applied the legal definition of property previously given (Gov. Mem. at 15-16 ) or may have misunderstood the term depositors in the interrogatory to be referring to the depositors who participated in the scheme who were witnesses at trial, rather than the more than 2000 other depositors who were deprived of shares.  (Gov. Oral Argument).  The Court rejected these arguments.  (Ruling at 11).

---

[3]    The Government argued that if the Court concludes that either a verdict of guilty or not guilty was possible based on the evidence, it must uphold the jury's guilty verdict.  *See United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000).

The Court did not reconcile the interrogatory answers in Count 12 with the general verdict. Moreover, in granting an acquittal on counts 1 and 12 the Court obviously gave the interrogatory answers more weight than the general verdict. This remedy is inappropriate, because "[u]nder no rational perspective can a jury's express finding of guilty be considered a factual resolution in the defendant's favor, and therefore, an acquittal." *United States ex rel. Hoffer v. Morrow*, 626 F. Supp. 786, 790 (N.D. Ill. 1985). The Eighth Circuit in *United States v. Mitchell*, 476 F.3d 539, 543 (8th Cir. 2007) (Feb. 6, 2007), recently decided a case with facts on all fours with this case. The Eighth Circuit issued the *Mitchell* opinion February 6, 2007, after the defendant's motions in this case were fully briefed. There, as here, the jury found the defendant guilty but did not reach consensus as to the interrogatory. The jury checked the "no" box indicating that it could not make a unanimous decision regarding whether one or more of the false statements was material. The Eighth Circuit affirmed the district court's finding that a new trial, not a judgment of acquittal was the proper remedy, and reasoned that the jury convicted the defendant "so there was no acquittal." *Id.*, at 544.[4]

Affording the interrogatory answers greater weight than the verdict and granting a judgment of acquittal is akin to "usurping the role of the jury," something the Second Circuit has

---

[4] The Eighth Circuit reasoned that the response to the interrogatory did not suggest that the jury had made a unanimous factual finding with respect to the materiality of the misstatements. The finding meant one of two things: either (1) the jury unanimously found the statements immaterial, or (2) some jurors found the statements material and some found the statements immaterial. The Circuit went on to find that there was nothing in the language that suggests the jury had found beyond a reasonable doubt that the statements were immaterial. *Id.*, at 545. The same is true in Lucarelli's case. Presuming the jury understood that it needed to find unanimously that he had the specific intent to defraud the bank and/or the depositors in order to check "yes," the fact that "no" was checked, without more information, can only mean the jury was not unanimous as to "yes." Thus a judgment of acquittal can not issue.

cautioned courts to avoid. *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000). The jury, having sat through the entire trial and having been instructed on the applicable law, dutifully considered the matter and found the defendant guilty of two counts. These findings of guilt can not be set aside in favor of the Court's interpretation as to what the jury "really meant" by its guilty verdicts and the interrogatory answers. To now rule in essence that what the jury "really meant" was to acquit the defendant, would be to engage in the type of speculation that the *Powell* Court instructed courts not do. *See United States v. Powell*, 469 U.S. 57, 66-68 (1984).

The most unambiguous question on the verdict form was that of guilty or not guilty. The fact that the jury acquitted on other counts (while perhaps the result of a compromise verdict after 5 days of deliberation and an *Allen* Charge) demonstrates they knew how to mark not guilty if that is what they really meant. The special interrogatory answers which were returned with the general verdict of guilty do not "make clear" a finding of no specific intent to defraud. (Ruling at 15). To the contrary, the answers to the interrogatory, as in *Mitchell*, provide no guidance either way. *See Mitchell*, 476 F.3d at 543.

The interrogatory here asked: "If you found the defendant guilty on any of Counts 2-4 or 7-12, did you find the defendant participated in the fraudulent scheme with the specific intent to defraud: (a) The Bank of property: Yes _____ No _____ (b) Depositors of money or property: Yes _____ No _____." If the Court were to assume that the jury imported its instructions on unanimity in answering these questions, which is itself not known, the most that could be said is that the jury found "no, we do not unanimously find that the defendant participated in the fraudulent scheme with the specific intent to defraud." It does not mean that the jury found "we unanimously find that the defendant did NOT participate in the fraudulent scheme with the

specific intent to defraud." *See Mitchell*, 476 F.3d at 543.  Said another way, the jury was never instructed that they had to decide unanimously "yes" or unanimously "no," so they may have hung on the question and recorded it as "no" "we didn't find. . . ."  Since there were no instructions to the jury and no clarification from the jury, the Court can only conclude the jury was not unanimous in the affirmative, but it can not conclude that they were unanimous in the negative.  They well may have been split on the issue which would result in checking the "no" line.  Accordingly, the answers to the interrogatory can not be considered a dispositive final factual determination, and the appropriate remedy would be a new trial.  *See Mitchell*, 476 F.3d at 543.  *See also*, *United States v. Console*, 13 F.3d 641, 664-65 (3d Cir. 1993) ("inasmuch as a response to a special interrogatory regarding an element of a "hung" count is neither a "final" judgment nor a determination "necessary" to a final judgment, such a response would not preclude the government from relitigating an issue.")

> 2. **The Court Should Consider the Below-Cited Cases, Including From the Supreme Court, That Indicate a Judgment of Acquittal Is Not Appropriate**

The Government does not concede that the general verdict on Count 12 and Count 1 are necessarily irreconcilable with the answers to the interrogatories, and reserves its rights in that regard.  Moreover, the finding that the element of specific intent is the same for the substantive crimes and conspiracy does not necessitate the granting of a judgment of acquittal on Count 1 simply because of the interrogatory on Count 12.  *See United States v. Acosta*, 17 F.3d 538, 545

(2d Cir. 1994);[5] *United States v. Powell*, 469 U.S. 57 (1984) (quoting *Dunn v. United States*, 284 U.S. 390 (1932)).

However, where the answers to the interrogatory are not reconcilable, the appropriate remedy is not a judgment of acquittal but the granting of a new trial. *See Pipefitters Local Union No. 562 v. United States*, 407 U.S. 385 (1972). In *Pipefitters* the Supreme Court did not reach the ultimate issue, instead reversing on unrelated grounds, however, the Court stated, in dicta, that where a jury's special finding (*i.e.,* interrogatory) is contrary to a general verdict of guilt, the defendant could perhaps at best receive a new trial, not acquittal. *Id*. at 401. In *Pipefitters,* the issue for the special finding was the defendants' mental state. The trial court required a special finding as to willfulness in order to determine if the violation of the election laws was a misdemeanor or a felony. The court stated: "the jury's special finding may well have been inconsistent with its general verdict, but that, we hold, could require only reversal not acquittal." *Id*. at 401.

As discussed above, the Eighth Circuit recently addressed this precise issue and found that the proper remedy – where the interrogatory conflicted with the general verdict – was a new trial, not an acquittal. *Mitchell*, 476 F.3d at 543. The jury in *Mitchell* found the defendant guilty of bankruptcy fraud pursuant to 18 U.S.C. § 152(3) but could not make a unanimous decision regarding whether one or more of the false statements was material. The jury thus ended up

---

[5] In addressing inconsistent verdicts, the *Acosta* Court held, "[T]he jury, though presumed to follow the instructions of the trial court, may make its ultimate decisions "'for impermissible reasons,'" *Powell* 469 U.S. at 63 (quoting *Harris v. Rivera,* 454 U.S. at 346), such as "mistake, compromise, or lenity," *Powell,* 469 U.S. at 65, but its power to do so is "'unreviewable,'" *id.* at 63." *Acosta*, 17 F.3d at 545. Thus even where the elements are precisely the same, a jury can convict on some counts and not on others – or convict on some and return irrational or inconsistent interrogatory answers on others.

checking "no" to the interrogatory that inquired as to the materiality of the statements.  The district court granted a new trial, not a judgment of acquittal, and the Eighth Circuit affirmed.  The Eighth Circuit found that the defendant was convicted "so there was no acquittal."  *Id*. at 545.  Moreover, the *Mitchell* Court found that there was no double jeopardy because the response to the interrogatory did not amount to a unanimous factual finding.  *Id*.

Similarly, in the case of *Crawford v. Fenton,* the jury found the defendant guilty of conspiring to distribute a controlled substance but could not reach a unanimous conclusion in the interrogatory as to the type of drug.  The trial court did not take the verdict and ordered a mistrial.  In his habeas petition, the defendant argued that a mistrial should not have been granted and double jeopardy precluded a new trial.  The Third Circuit, citing *Pipefitters,* stated that "if the jury verdict had been accepted, [the defendant] would have been entitled to, at most, to a new trial."  *Crawford v. Fenton,* 646 F.2d 810, 817 n. 8 (3d Cir. 1981).[6]

Here, as in *Mitchell* and as discussed in *Pipefitters* and *Crawford v. Fenton*, the correct remedy is not a judgment of acquittal, but a new trial.  The Court's analysis that specific intent to defraud the bank and/or the depositors should have been articulated as clearly in the jury instructions as it was set forth in the interrogatory does not invalidate the general verdict.  Simply because the more exacting standard was articulated in the interrogatory, does not mean the verdict can be disregarded.  The case law, including that of the Supreme Court, states as much.  To hold that a judgment of acquittal should enter, contrary to the verdict and without a Rule 29

---

[6] The cases of *Pipefitters* and *Crawford v. Fenton* were cited by defendant in support of his motion for a new trial. (Def. Mem. (Doc. No. 164) at 15-16 n.8).

sufficiency analysis, would intrude upon the jury's province and would affect the public reputation of the judicial process. *See Johnson v. United States*, 520 U.S. 461, 468-70 (1997).

### 3. Assuming, *Arguendo*, That the Jury Instructions Were Wrong, the Proper Remedy Is Not an Acquittal but the Granting of a New Trial

The Government does not concede that the jury charge improperly instructed the jury as to the crimes of securities fraud, mail fraud, and conspiracy. On the element of intent with respect to the substantive fraud counts, the jury instructions stated four times that to find the defendant guilty the jury must find the defendant had "specific intent." (Jury Charge at 43, 44, 45). In its Ruling the Court found that the charge as to aiding and abetting, "while technically correct, did not suffice for the purpose of adequately guiding the jury." (Ruling at 11). The Court also found, in considering the conspiracy charge, that the instruction on specific intent should have included language explicitly instructing that specific intent to defraud *the Bank and/or its depositors* was an essential element of the conspiracy charge. (Ruling at 12, 13 n.6.)  Assuming, *arguendo*, that  the Court improperly instructed the jury, if the instructions were so improper as to make the proceedings unfair, the remedy would be a new trial, not an acquittal.

With respect to count 12, the jury found all the elements present and returned a verdict of guilty either as a principal or an aider and abettor, yet answered "no" to the interrogatories. In addressing this outcome, the Court examined the jury instructions and concluded that the charge of aiding and abetting, while technically correct, should have included additional language on specific intent to defraud. However, this does not mean a judgment of acquittal should enter.

Either the jury charge was sufficient[7] or the charge was erroneous and a new trial should issue. *See United States v. Hastings*, 918 F2d 369, 373 (2d Cir. 1990).

Similarly, with respect to Count 1, the Court's finding that specific intent to defraud the bank or the depositors was an essential element of the charge of conspiracy and that the jury should have been instructed on this (Ruling at 13 n.6) does not mean that a judgment of acquittal on Count 1 should be ordered. *See Neder v. United States*, 527 U.S. 1, 8 (1999). If the instructions were legally sufficient, then there was a valid finding of guilt on Count 1. While upholding the Count 1 verdict would arguably be inconsistent with the answers to the interrogatory, the verdict could still stand as an inconsistent verdict.[8] If, however, the charge was erroneous, the Court should order a new trial. *United States v. Hastings*, 918 F2d 369, 373 (2d Cir. 1990).

The third alternative, as addressed below, is that the Court could find the jury instructions on both counts to have been legally sufficient, but have such little confidence in the verdict that in its broad discretion it decides to set aside the jury verdict and order a new trial to avert a perceived miscarriage of justice. *See United States v. Ferguson*, 246 F.3d 129, 133 (2d Cir. 2001).

---

[7] The charge could be found to have been sufficient in that the Court instructed the jury on the correct elements of aiding and abetting and since aiding and abetting followed on the heels of the instructions for the substantive crimes, taken as a whole, it was correct. *See United States v. Mulder*, 273 F.3d 91, 105 (2d Cir. 2001) (citing *United States v. Jones,* 30 F.3d 276, 284 (2d Cir. 1994)).

[8] *See United States v. Powell*, 469 U.S. 57 (1984); *Dunn v. United States*, 284 U.S. 390 (1932); *United States v. Gaind*, 31 F.3d 73, 79 (2d Cir. 1994) (inconsistent verdicts provide no grounds for reversal as a matter of law); *United States v. Acosta*, 17 F.3d 538, 545 (2d Cir. 1994).

The Supreme Court has found that unlike certain defects, such as the complete deprivation of counsel, which render a criminal trial fundamentally unfair, "an instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence" *Neder v. United States*, 527 U.S. 1, 8 (1999) (emphasis in original). The Supreme Court has "often applied harmless-error analysis to cases involving improper instructions on a single element of the offense." *Id.* at 10. "In other cases [the Court has] recognized that improperly omitting an element from the jury can easily be analogized to improperly instructing the jury on an element of the offense, an error which is subject to the harmless-error analysis." *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 469 (1997). "In both cases – misdescriptions and omissions – the erroneous instruction precludes the jury from making a finding on the actual element of the offense." The *Neder* Court found that the jury instruction error there "did not vitiate *all* the jury's findings" *Id.*[9]

As the Second Circuit has clearly held, "[a]n erroneous jury instruction requires a new trial unless the error is harmless." *United States v. Malpeso*, 115 F.3d 155, 166 (2d Cir. 1997). Where the "instructions to the jury were sufficiently incomplete and misleading so as to make the charge, viewed as a whole . . . inadequate with respect to the element of knowledge," reversal of the conviction is required. *United States v. Hastings*, 918 F2d 369, 373 (2d Cir. 1990) (citations omitted). Where the court finds that a jury charge is misleading, such that it poses a genuine risk

---

[9] *See United States v. Kim*, 303 F. Supp. 2d 150, 157-58 (D. Conn. 2004) (finding that since "the government submitted an abundance of evidence from which the jury could have concluded the defendant was guilty," *id.* at 158, it was impossible that any error in the jury instructions seriously affected the fairness, integrity, or public reputation of judicial proceedings) (citing *United States v. Thomas*, 274 F.3d 655, 667 (2d Cir. 2001) (*en banc*) (involving plain-error review, where defendant failed to object to jury instruction prior to charge).

of confusing the jury into believing that it would be proper to convict a defendant of fraud without finding that he had the requisite intent, and the court's doubts are sufficient to call into question the fairness and integrity of the conviction, the Second Circuit has found reversal of the conviction to be warranted. *United States v. Rossomando*, 144 F.3d 197, 200-01 (2d Cir. 1998).[10]

In such situations, the remedy is not a judgment of acquittal but a retrial. As the Second Circuit held in *Hastings*, where "the evidence presented at trial, viewed in the light most favorable to the government, . . . was sufficient to permit a rational, properly instructed jury to have found beyond a reasonable doubt that the defendant knowingly possessed a firearm," the defendant's *motion for an acquittal was denied* and the case was *remanded for retrial*. *Hastings*, 918 F.2d at 373-74 (citing *Jackson v. Virginia*, 443 U.S. 316-20; *United States v. Rivera*, 844 F.2d 916, 925 (2d Cir. 1988)) (emphasis added). *Accord United States v. Birbal*, 62 F.3d 456, 463 (2d Cir. 1995) (reversing conviction where there was reasonable likelihood that the jury misunderstood the instructions on the government's burden of proof and remanding for retrial); *United States v. Doyle*, 130 F.3d 523, 536 (2d Cir. 1997) (convictions reversed and remanded for new trial where court assessed the charge as a whole to determine if there is a reasonable likelihood that the jury misunderstood the instruction and was allowed to convict on insufficient proof).

The Government does not concede that the jury instructions on specific intent were incomplete and misleading so as to make the charge inadequate, viewed as a whole, especially

---

[10] *See Johnson v. United States*, 520 U.S. 461, 468-70 (1997) (discussing the situation where jury is improperly instructed on an element of the offense and holding the court must determine whether the error seriously affects the fairness, integrity or public reputation of judicial proceedings, under the fourth prong of plain-error review).

given the fact that in the fraud instructions specific intent was referenced repeatedly and the bank and its depositors were referenced (Jury Charge at 39). Nevertheless, since the Court has concluded that "it can be ascertained that the jury misunderstood, or was not adequately guided by, the instructions on the intent element of Counts 1 and 12," (Ruling at 5) the remedy for such a perceived flaw would be a new trial. *See Hastings*, 918 F2d at 373-74; *Doyle*, 130 F.3d at 526.

Since the Court found the jury misunderstood the instructions on intent, the Court cannot give such overwhelming weight to the special interrogatory answers touching on the same issue – for which no instructions at all were provided – and render a judgment of acquittal. *See Johnson v. United States*, 520 U.S. at 470 ("on this record there is no basis for concluding that the error seriously affected the fairness, integrity or public reputation of judicial proceedings. Indeed, it would be the reversal of a conviction such as this which would have that effect.") (internal quotation marks omitted).

4. **Where the Court Does Not Have Confidence in the Verdict, the Ordering of a New Trial Is Within the Discretion of the Court**

"Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.'" *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." *Id.* at 134.

Given the Court's findings that it would be a "miscarriage of justice" to convict Lucarelli (Ruling at 15), the appropriate remedy would be the granting of a new trial pursuant to Rule

33(a).  *See* Fed. R. Crim. P. 33(a) ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires").  "The rule by its terms gives the trial court 'broad discretion . . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice.'" *Ferguson*, 246 F.3d at 133 (quoting *Sanchez*, 969 F.2d at 1413) (alterations by the Court).

     Here the Court granted a judgment of acquittal and did so in spite of the jury's findings of guilt.  The verdict and the interrogatory answers could cause the Court to question the validity of the conviction and order a new trial to avert a perceived miscarriage of justice. *See Ferguson*, 246 F.3d at 133.  This would be a more appropriate remedy than usurping the role of the jury and attempting to glean what the jury meant.  To the extent that the verdict and interrogatory answers cause the Court to question the outcome, the appropriate result is a new trial, pursuant to Rule 33, not a judgment of acquittal.

**Conclusion**

For the foregoing reasons, the government respectfully requests that the Court reconsider the remedy granted and grant a new trial pursuant to Rule 33.

                Respectfully submitted,

                KEVIN J. O'CONNOR
                UNITED STATES ATTORNEY

                MICHAEL S. McGARRY
                ASSISTANT U. S. ATTORNEY
                Federal Bar No. CT25713
                157 Church Street, 23rd Fl.
                New Haven, Connecticut   06510
                (203) 821-3700
                Email: michael.mcgarry@usdoj.gov

                DAVID A. RING
                ASSISTANT U. S. ATTORNEY
                Federal Bar No. CT14362
                Email: david.ring@usdoj.gov

## CERTIFICATION

I hereby certify that on March 26, 2007, a copy of foregoing United States' Memorandum in Support of Motion for Reconsideration of Judgment of Acquittal was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

MICHAEL S. McGARRY
ASSISTANT U.S. ATTORNEY